(89 South. 99)

## PETTICE v. STATE.   (4 Div. 668.)

(Court of Appeals of Alabama. April 5, 1921.)

**1. Assault and battery  ⬚83—Evidence as to cash settlement inadmissible.**

In a prosecution for assault and battery, court properly sustained state's objection to question as to whether defendant had not accepted money in settlement of the affair and for the injury done him.

**2. Witnesses  ⬚370(1)—Cross-examination as to reporting stills held inadmissible.**

In a prosecution for assault and battery, court did not err in sustaining objections, on cross-examination of complaining witness, to questions whether or not defendant did not inform against a witness for the state concerning the running of a still, and whether or not such witness made up the difficulty.

**3. Criminal law  ⬚829(1)—Refusal of written charge covered by oral charge not error.**

There was no error in refusing a requested written charge which was covered by the court's oral charge.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Jesse Pettice, alias Jesse Pettus, was convicted of assault and battery, and he appealed. Affirmed.

Wyatt, the man 'alleged to have been assaulted and cut by the defendant, was asked the following questions on cross-examination:

"Did not a man by the name of Bowman pay you $25, and did you not accept it as a settlement for that affair, and for the injury done you?"

The state's objection was sustained to this question. The witness was also asked the following question:

"And later didn't Pettice go to a fellow named Henry Johnson and turn you up' about that still, and didn't Johnson go and tell you that you would have to run that still out of there or leave yourself?"

Also:

"Didn't Henry Johnson go to you and require you to remove that still away from there?"

Also:

"Will ask you if this same fellow Bowman, who is here as a state's witness, didn't intervene between you and Pettice and make up that difficulty, and then if Pettice didn't go and turn up the Bowman still."

Also:

"Isn't Bowman being prosecuted now in Coffee county about that still, and isn't it since that that you and Bowman are coming here against Pettice?"

Sollie & Sollie, of Ozark, for appellant.

No brief came to the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in the rulings on the evidence. 4 Michie's Ala. Dig. 571; 16 Ala. App. 501, 79 South. 199. The charge refused was fairly and substantially covered, as well as being improper. 16 Ala. App. 545, 79 South. 804.

MERRITT, J. The appellant was indicted for assault with intent to murder, and convicted of assault and battery.

The testimony was in sharp conflict as to the details of the difficulty, and from the verdict the jury evidently believed the contention of the state and its witnesses, and there was abundant testimony upon which to predicate the verdict.

[1, 2] There was no reversible error in the rulings of the court on the introduction of the testimony.

[3] The written charge refused to the defendant was substantially covered by the court's oral charge.

There is no error in the record, and the judgment is affirmed.

Affirmed.